# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| **LLOYD CARTER** § | |
| § | |
| **V.** § | |
| § | **A-09-CA-367 SS** |
| **MICHAEL J. ASTRUE,** § | |
| **COMMISSIONER OF THE** § | |
| **SOCIAL SECURITY ADMINISTRATION** § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATED MAGISTRATE JUDGE

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration, filed on May 12, 2009 (Clerk's Doc. No. 4); Plaintiff's Brief in Opposition to the Commissioner's Decision, filed on October 19, 2009 (Clerk's Doc. No. 16); and Defendant's Brief in Support of the Commissioner's Decision, filed on November 17, 2009 (Clerk's Doc. No. 18). Also before the Court is the Social Security record filed in this case (Cited as "Tr."). Plaintiff Lloyd Carter appeals from the Administrative Law Judge's ("ALJ") determination that he is not "disabled" and presents for review the issue of whether the ALJ's determination of Plaintiff's residual functional capacity ("RFC") was supported by the medical evidence in the record. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

# I. GENERAL BACKGROUND

On June 15, 2007, Lloyd Carter (hereinafter "Carter" or "Plaintiff") filed an application for disability benefits under Title II and Title XVI of the Social Security Act (the "Act"), alleging disability beginning January 1, 2003. He later amended his onset date to December 20, 2004. These claims were denied initially on September 11, 2007, and upon reconsideration on February 26, 2008. Carter requested a hearing before an Administrative Law Judge, which was held on September 29, 2008, in Austin, Texas (Tr. 10, 32-72). The ALJ issued an unfavorable decision dated October 22, 2008, finding that Carter was not disabled within the meaning of the Act (Tr. 10–18). The Appeals Council declined Carter's Request for Review by notice on April 6, 2009, making it the final decision of the Commissioner (Tr. 1–3). On April 7, 2009, Carter brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying him benefits under the Act.

# II. THE HEARING BEFORE THE ALJ

On September 29, 2008, Administrative Law Judge William B. Churchill held a hearing on Carter's application for benefits. Carter testified at the hearing and was represented by his attorney, Shirley Vu. (In this appeal, he is represented by Mary Ellen Felps.) Calvin Turner, a vocational expert, also appeared and testified at the hearing (Tr. 66-70).

**A.      Plaintiff's Testimony**

Plaintiff Lloyd Carter testified at his hearing that he was 46 years of age and that he had obtained a GED. (Tr. 36). At the hearing, Carter testified that he was in the military from 1980 to 1986. (Tr. 37). He testified that he has not worked since December 20, 2004. He testified that he was unable to work because of arthritis in his spine. (Tr. 39). He testified that he was being treated with physical therapy and pain management medication and that sometimes the treatment worked

and sometimes it did not. (Tr. 40). Carter testified that he was incarcerated in the Texas Department of Corrections from May 2003 to summer of 2004, and after he was released he worked as a custodian for a church. (Tr. 47). He testified he had to stop after a few weeks because of back pain. *Id.* He also testified that he was incarcerated prior to his 2003 stint in prison[1] and that the 2003 incarceration was a result of a parole violation because he was caught with cocaine. (Tr. 49). Carter testified that he had been addicted to cocaine in the past but that he had been clean for ten months at the time of the hearing. (Tr. 50). He testified that prior to February 2008 he had used cocaine two to three times a week. (Tr. 51). Carter testified that he is depressed, and that drugs lessen the severity of his depression. (Tr. 52). Carter testified that he cleans up after his kids, helps make their meals, cleans up the kitchen and restroom at his home, bathes himself, and that his wife helps him dress. (Tr. 54). He testified that he is able to lift 15-20 pounds with limitations and stand or walk, or sit for about 15 to 20 minutes at a time. (Tr. 56-57). He testified that he suffers from bi-polar disorder, including depression and anxiety, and that he gets confused and anxious when he deals with people. (Tr. 59-66).

**B.     Vocational Expert's Testimony**

The vocational expert was asked by the ALJ whether an individual with the claimant's age, education, work experience, and residual functional capacity would be able to perform any work in the economy (Tr. 66-71). The vocational expert testified that, given all of these factors, the individual would be able to perform the requirements of occupations such as electrical assessment assembler, print circuit board pre-assembler, and bench assembler. (Tr. 67). The vocational expert then testified that there are over 280,000 electrical assessment assembler jobs in the national

---

[1] The record reflects that Plaintiff was incarcerated ten times for drug offenses and paroled in September 2007. (Tr. 479).

economy (and over 25,000 of these jobs in the Texas economy), over 449,000 jobs as a print circuit board pre-assembler in the national economy (and about 43,000 of these jobs in the Texas economy) (Tr. 67), and 69,000 national jobs as a bench assembler with 8,000 employed in Texas. (Tr. 67).

### III. FINDINGS OF ADMINISTRATIVE LAW JUDGE

The ALJ found that Carter has the following severe impairments: disorder of the back, bipolar disorder, cocaine dependence, and general anxiety disorder. (Tr. 13). The ALJ then found that Carter does not have an impairment or combination of impairments that meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 13). After careful consideration of the entire record, the ALJ found that Carter had the residual functional capacity to stand and walk four to six hours in an eight hour workday, sit six hours in an eight hour work day, lift up to 20 pounds occasionally and 10 pounds frequently, push and pull these weights, occasionally crawl, squat, stoop, or bend, cannot crawl ladders or work at heights, can concentrate for extended periods of time, respond to routine changes in the work environment, and perform simple repetitive tasks. (Tr. 14).

After considering Carter's age, education, work experience, and residual functional capacity, the ALJ found that he was capable of performing other jobs that exist in significant numbers in the national economy (Tr. 17). Accordingly, the ALJ found that Carter was not disabled as defined in the Act (Tr. 17).

### IV. ISSUES BEFORE THE COURT

Carter contends that the ALJ's decision is not supported by substantial evidence and is not based upon the proper legal standards. Specifically, Carter argues that substantial medical evidence does not support the Commissioner's finding in regard to Carter's residual functional capacity. *See*

Plaintiff's Brief at p. 8. Carter argues that the ALJ's findings regarding Carter's limitations are not consistent with the medical findings in the record.

## V. STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court, as dictated by 42 U.S.C. § 405(g), is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

## VI. ANALYSIS

**A. Was the ALJ's determination of Plaintiff's residual functional capacity regarding his back disorder supported by substantial evidence in the record?**

In determining Carter's RFC, the ALJ relied upon the opinion of physician Jimmy Breazeale (Tr. 16, 481-88). Dr. Breazeale assessed Carter's RFC and determined that Carter could: (1) occasionally lift 20 pounds; (2) frequently lift 10 pounds; (3) stand and/or walk about 6 hours in an 8 hour workday; (4) sit about 6 hours in an 8 hour workday; and (5) push and/or pull without limits. Dr. Breazeale found that the medical records revealed no other limitations and that the Carter was only "partially credible." (Tr. 482-487). The ALJ evaluated the evidence regarding Carter's back pain and determined that although his medically determinable impairments could reasonably be expected to cause the alleged symptoms, the claimants statements regarding the intensity, persistence, and limiting effects of these symptoms were not credible. (Tr. 14).

The ALJ considered Plaintiff's treatment notes, including noting that when Carter sought treatment for back pain in 2007 his lumbosacral exam showed no obvious deformity and no tenderness on palpitation. (Tr. 14). The ALJ also considered Carter's March 27, 2007, exam in which, although he had pain during flexion, Carter exhibited a normal gait and a full range of motion of back and spine. (Tr. 14). The ALJ cited medical evidence showing that claimant underwent an MRI in July of 2007 which showed he had degenerative disc disease with disc bulges at L3/4 and L4/5 causing minimal foraminal neural narrowing, but no evidence of nerve encroachment or central canal stenosis. (Tr. 14). The ALJ also noted that Plaintiff's exam on June 17, 2008, showed he suffered some tenderness but that his physical and neurological examination was otherwise within normal limits. (*Id.*) Lastly, with regard to the issue of Plaintiff's back disorder, the ALJ cited medical evidence from September 4, 2008, reflecting that Plaintiff suffered more disc degeneration and displacement in his back that was treated only with prescription medication. (Tr. 15).

Plaintiff here argues that the ALJ's finding of Plaintiff's residual functional capacity is not supported by substantial medical evidence in the record. As stated above, substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). Again, in applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment, but rather it scrutinizes the record to determine whether substantial evidence is present. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). That is not the case here. The Court finds that the ALJ's determination of Plaintiff's RFC is supported by substantial medical evidence in the record as set forth above.

Moreover, by pointing to out-of-context evidence in the record about his back disorder, Plaintiff is essentially requesting this Court to re-weigh that evidence regarding Plaintiff's residual functional capacity, which this Court is prohibited from doing. Moreover, the evidence Plaintiff points to supports the ALJ's finding. Much of it is simply records of Plaintiff's own reports of his back condition to various health care providers in his efforts to obtain prescription pain drugs. (Tr. 381, 409-410, 423). Other evidence that Plaintiff relies upon shows merely mild degenerative disc disease, which the ALJ took into account in determining Plaintiff's RFC. (Tr. 426, 381, 386, 409, 423, 620). The ALJ's determination of Plaintiff's RFC is supported by substantial evidence.

**B.     Did the ALJ fail to properly consider Plaintiff's mental impairments in determining Plaintiff's RFC?**

Plaintiff next argues that the ALJ did not properly consider his mental impairments in combination with his physical impairments in arriving at his RFC. The ALJ determined that Plaintiff

had a severe combination of impairments including: back disorder, bipoplar disorder, cocaine dependence, and general anxiety disorder. (Tr. 13). The ALJ went on to the next step and determined that none of the impairments, considered alone or in combination, was severe enough to meet a medically listed impairment. (*Id.*) The ALJ relied upon the findings of Dr. Cox in assessing Plaintiff's mental impairments in determining his residual functional capacity. (Tr. 479, 491). The ALJ found that Plaintiff could concentrate for extended periods of time, respond appropriately to routine changes in the work environment, and perform simple repetitive tasks. (Tr. 14).

The particular findings that Plaintiff argues the ALJ failed to incorporate into the RFC are contained in Section I of the Mental Residual Functional Assessment worksheet filled out by Dr. Cox. (Tr. 489-90). As the Commissioner points out in his brief, the RFC set forth by Dr. Cox in narrative form in Section III and not the boxes checked in Section I constitutes the official residual functional capacity assessment. *See* Social Security Administration Program Operation Manual System § DI 24510.060(b)(2)(a) & (4)(a). The RFC set forth in Section III states "Claimant can understand, remember, and carry out only simple instructions, make simple decisions, attend and concentrate for extended periods, interact adequately with co-workers and supervisors, and respond appropriately to changes in routine work setting." (Tr. 491). These are the limitations the ALJ included in his RFC, and the Court finds they are proper.

Moreover, the ALJ evaluated the medical evidence of Plaintiff's mental impairments at great length in determining his RFC. (Tr. 15-17). The ALJ notes that over time the Plaintiff's mental status examinations tend to be normal when he is sober, and show abnormalities when he is binging on cocaine. The ALJ states "the claimant testified that he uses cocaine to self medicate himself when depressed. However, the claimant's San Antonio MHMR records indicate that the claimant's mental

8

health is better when he is actually sober as it was noted in July 2007 when the claimant's mental status examination was essentially normal and he was taking steps to stay sober. . . . the medical evidence does not reflect that the claimant has a history of depression independent of his cocaine use." (Tr. 16-17). The ALJ goes on to note that various reports, including that of Dr. Villanueva, and rehab clinic notes from November 2007, all reflect that Plaintiff functions well with respect to all activities of daily living. (Tr. 17).

In this case, the ALJ properly exercised his responsibility as fact finder in weighing the evidence and in choosing to incorporate mental limitations into his RFC assessment that were supported by the record. "These are precisely the kinds of determinations that the ALJ is best positioned to make." *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). Therefore, the ALJ's RFC determination regarding Carter's mental limitations is supported by substantial evidence.

Lastly, the Court finds that the ALJ's hypothetical question posed to the Vocational Expert adequately incorporated the Plaintiff's disabilities as properly assessed by the ALJ. *Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988). To the extent that Plaintiff articulates this claim, it also fails.

## VII. RECOMMENDATION

Based upon the foregoing, the Court finds that the Commissioner's decision is supported by substantial evidence and correctly applies the relevant legal standards. Accordingly, the Court **RECOMMENDS** that the District Court **AFFIRM** the decision of the Commissioner in this case and **ENTER JUDGMENT** in favor of the Defendant.

## VIII. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of January, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE